RECORD NO. 15-4156

IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

TONY CURTIS BOWEN,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO

OPENING BRIEF OF APPELLANT
TONY CURTIS BOWEN

Sharon Leigh Smith
UNTI & SMITH
P. O. Box 99815
Raleigh, NC 27624
(919) 828-3966
slsmith @ulslaw.com

*Counsel for Appellant*

# TABLES OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................... iii

STATEMENT OF JURISDICTION............................................................1

ISSUES PRESENTED FOR REVIEW ......................................................1

COUNSEL'S *ANDERS* STATEMENT ....................................................1

STATEMENT OF THE CASE....................................................................3

       *Statement of Facts* ..........................................................................4

SUMMARY OF ARGUMENT .................................................................11

ARGUMENT ............................................................................................12

       DID THE DISTRICT COURT ABNUSE ITS DISCRETION IN
       DENYING MR. BOWEN'S MOTION TO WITHDRAW HIS
       GUILTY PLEA?.................................................................................12

              Standard of Review ....................................................................12

              Discussion....................................................................................13

CONCLUSION .........................................................................................17

STATEMENT REGARDING ORAL ARGUMENT ...............................17

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) .......................18

CERTIFICATE OF SERVICE .................................................................19

i

## TABLE OF AUTHORITIES

### CASES

*Anders v. California,*
    386 U.S. 738 (1967)............................................................*passim*

*United States v. Baptiste,*
    596 F.3d 214 (4th Cir. 2010) ...................................................14, 15

*United States v. Battle,*
    499 F.3d 315 (4th Cir. 2007) .........................................................13

*United States v. Benton,*
    523 F.3d 424 (4th Cir. 2008) .........................................................14

*United States v. Bowman,*
    348 F.3d 408 (4th Cir. 2003) ...................................................13, 14

*United States v. Lambey,*
    974 F.2d 1389 (4th Cir. 1992) .......................................................13

*United States v. Moore,*
    931 F.2d 245 (1991) ....................................................................13

*United States v. Ubakanma,*
    215 F.3d 421 (4th Cir. 2000) ...................................................12, 16

### STATUTES

18 U.S.C. 922 § (g)(1)..........................................................................1
18 U.S.C. 924 § (a)(2)..........................................................................1
18 U.S.C. § 3742(a) ............................................................................1
21 U.S.C. § 841(a) (1) ........................................................................1
21 U.S.C. § 841(b) (1)(C) ....................................................................1
28 U.S.C. § 1291 ................................................................................1
28 U.S.C. § 2255 .........................................................................12, 14

**RULES**

Fed. R. Crim. P. 11(d)(2)(B) ..................................................................13

## STATEMENT OF JURISDICTION

Appellant Tony Curtis Bowen ("Mr. Bowen") is a person in custody under a judgment of the United States Court for the Middle District of North Carolina. The district court had jurisdiction over this matter pursuant to 21 U.S.C. §§ 841(a) (1) and (b) (1) (C) and 18 U.S.C. 922 §§ (g) (l) and 924 (a) (2). This Court's jurisdiction is pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## ISSUE PRESENTED FOR REVIEW

Whether the district court abused its discretion in denying Mr. Bowen's motion to withdraw his guilty plea?

## COUNSEL'S *ANDERS* STATEMENT

This brief is filed pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel was appointed by this Honorable Court pursuant to the Criminal Justice Act to represent Mr. Bowen with respect to his appeal from the district court's judgment on his plea of guilty. The appeal was already pending when counsel was appointed.

Counsel has made a conscientious review of the entire record in this case, as directed by *Anders*. Specifically, counsel reviewed all of the docket entries from the District Court.[1] Counsel reviewed all of the transcripts of hearings and pleadings filed in the District Court including, but not limited to, the indictment

---

[1] References to the Docket Entries from the District Court are referenced throughout as "DE __."

1

(DE 1), the plea agreement (DE 11), the factual basis (DE 10), the transcript of proceedings from the plea hearing (DE 36), the Pre-Sentence Investigation Report (DE 26), the transcript of proceedings from the August 11, 2014 status conference (DE 37), the motion to withdraw guilty plea (DE 22), the transcript of proceedings from the November 17, 2014 status conference (DE 38), the transcript of the sentencing hearing (DE 39), the judgment entered by the district court (DE 30), and the notice of appeal (DE 27, 28)  Counsel has also reviewed and considered the items of concern raised by Mr. Bowen in his communications with counsel.

After completing a thorough review of the record and conducting extensive legal research and application of case law to the facts of this case, counsel reached the conclusion that there are no non-frivolous issues for counsel to brief in this appeal.  In reaching this conclusion, counsel focused primarily on the plea colloquy conducted by the district court during the plea hearing on March 20, 2014, during which Mr. Bowen represented that he understood the consequences of his guilty plea, was acting voluntarily in entering the plea, and was satisfied with his counsel's advice.  (DE 36)

According to the dictates of *Anders,* this brief contains what counsel deems are plausible bases for argument on appeal.  Counsel's brief references portions of the record containing relevant information and the prevailing legal authority.

Counsel has communicated in writing to Mr. Bowen that there are no meritorious, non-frivolous issues to be raised in this appeal. Counsel has supplied Mr. Bowen with a copy of this *Anders* brief as evidenced by the *Anders* Certificate of Service to Defendant. Counsel has informed Mr. Bowen of his right to file a *pro se* brief within thirty (30) days wherein he can address any issue that he deems meritorious. (*See* Anders Certificate of Service to Defendant.*)*

## STATEMENT OF THE CASE

Mr. Bowen was charged with three counts of distributing cocaine base and a fourth count of possession of a firearm. (DE 1) Mr. Bowen entered a plea agreement in which he agreed to plead guilty to counts two and four of the indictment in return for dismissal of the remaining counts and a three point offense level reduction for acceptance of responsibility. (DE 11) The district court accepted the plea at a hearing on March 20, 2014. (DE 36) On October 2, 2014, Mr. Bowen filed a *pro se* motion to withdraw his guilty plea. (DE 22) The court denied the motion at a hearing on November 17, 2014. (DE 38) At the sentencing hearing on February 20, 2015, the district court sentenced Mr. Bowen to two terms of 51 months each, to run concurrently, followed by three years of supervised release. (DE 39) A *pro se* notice of appeal and supplement to the notice of appeal were filed on March 2, 2015. (DE 27- 28) Judgment was entered on March 11, 2015. (DE 30)

### *Statement of Facts*

Mr. Bowen was charged with selling small amounts of cocaine base to a confidential informant on July 15, 30, and 31, 2013, and with possession of a firearm on August 22, 2013. (DE 1) Assistant Federal Public Defender John A. Dusenbury, Jr. was appointed as his attorney. (DE 4) At his arraignment and detention hearing on February 20, 2014, Mr. Bowen pled not guilty to all counts. (DE 35) On the issue of detention, the government called David Walker, a task force officer for the Drug Enforcement Agency (DEA). Walker testified that the cocaine buys were made at a trailer in Chapel Hill, North Carolina. He was not sure whether Mr. Bowen lived at the trailer. According to Walker, the informant purchased 26 grams of cocaine base on July 15, 2013, 40 grams on July 30, 2013, and 6 grams on July 31, 2013. The buys were arranged beforehand by telephone. The firearm that Mr. Bowen was charged with possessing was a .38 caliber revolver. Walker testified that audio and video recordings were made of the cocaine buys on July 15 and 30, 2013. The firearm buy occurred at a different address in Chapel Hill, and there was no recording of the transaction. According to Walker, one of the video recordings of the drug buys had a "good shot" of Mr. Bowen. With regard to the July 30th cocaine buy, Walker testified that the cocaine arrived in powder form and was cooked into cocaine base before it was given to the informant. Walker did not have any information regarding the informant, who

was handled by the Orange County Sheriff's Department. (*Id.*, pp 5-10)  Walker confirmed that no law enforcement officials, other than the informant, witnessed the cocaine and firearm buys. (*Id.*, p 14)  Upon questioning by the court about the July 30th buy, Walker testified that an unidentified man delivered the cocaine in powder form to Mr. Bowen.   Walker had no further information about the man. The informant indicated that it was Mr. Bowen who cooked the powder into cocaine base.  When the court asked whether that was shown on video, Walker responded that the video that he reviewed was "shaky" and did not show anything that obvious.  The government told the court that a still photograph from one of the video recordings showed Mr. Bowen's face. (*Id.*, pp 16-17)

The factual basis filed by the government indicated that the confidential informant was equipped with audio and video recording equipment which captured conversations between the informant and Mr. Bowen, and that Mr. Bowen was captured briefly on video during some of the deals.   The felony conviction underlying the firearm charge was from 1992. (DE 10)

Under the plea agreement filed on March 14, 2014, Mr. Bowen agreed to plead guilty to counts two and four of the indictment, with sentencing left to the court's discretion.   In turn, the government agreed that it would not oppose a motion to dismiss the remaining counts at the close of sentencing and would agree to a three point reduction in offense level for acceptance of responsibility.   The

plea agreement did not include a limitation on Mr. Bowen's appeal rights.  (DE 11)

At the plea hearing on March 20, 2014, the court and Mr. Bowen's attorney, Mr. Dusenbury, reviewed the key provisions on the record, and Mr. Bowen indicated that he understood those provisions.  (DE 36, pp 4-6)  The trial court conducted a plea colloquy during which Mr. Bowen indicated that he understood the consequences of the plea agreement, was entering the plea voluntarily, was satisfied with the advice he had received from counsel, and was waiving his right to a jury trial.  Mr. Bowen affirmatively stated that Dusenbury had reviewed the elements of the offense with him, he had no questions regarding those elements, and he was in fact guilty of counts two and four of the indictment.  Dusenbury represented that he had reviewed the factual basis with Mr. Bowen.  (*Id.*, pp 3-4, 6-12)  The court accepted the plea, finding that Mr. Bowen was fully competent and capable of entering an informed plea, was aware of the nature of the charges and the consequences of his plea, was entering his plea of guilty voluntarily and knowingly, and that the plea was supported by an independent basis in fact.  (*Id.*, pp 12-13)  The court scheduled the sentencing hearing for August 13, 2014.  (*Id.*, p 14)

The presentence report (PSR) was filed under seal on July 1, 2014.  (DE 13)  Defense counsel filed a response to the PSR on July 15, 2014.  (DE 15)   The final revised PSR was filed on February 9, 2015.  (DE 26)

On July 21, 2014, Mr. Bowen filed a *pro se* motion for new counsel, stating that he and Dusenbury were not in agreement on the issues. (DE 16) Mr. Bowen indicated that he did not believe the government had sufficient evidence to convict him, and that Dusenbury had informed him before the plea hearing that he could take back the plea at any time and go to trial. Mr. Bowen asked for new counsel so that he could go to trial. He also raised objections to several sentencing matters. (*Id.*)

On August 11, 2014, Dusenbury filed a motion to withdraw as counsel for Mr. Bowen on the basis that Mr. Bowen would not discuss sentencing matters with him and that Mr. Bowen did not believe Dusenbury could provide effective representation. (DE 18) In the motion, Dusenbury stated that he had reviewed the government's discovery with Mr. Bowen and had discussed the nature of the charges, the elements of the offenses, and the applicable penalties with him. Dusenbury also stated that he had counseled Mr. Bowen regarding the merits of going to trial versus entering a negotiated plea agreement. (*Id.*)

On August 12, 2014, the district court held a status conference to address the motion for new counsel and motion to withdraw as counsel. (DE 37) Mr. Bowen told the court that he needed new counsel because he and Dusenbury had not been on the same page from the start. He indicated that Dusenbury had not reviewed the video and audio discovery with him or filed a motion to suppress the evidence.

Mr. Bowen further indicated that Dusenbury told him that he could "come out of the plea agreement" at any time and go to trial. (*Id.*, pp 4-5) Dusenbury unequivocally denied telling Mr. Bowen that he could withdraw his plea after it was accepted by the court. Dusenbury further stated that he met with Mr. Bowen on multiple occasions and reviewed the discovery with him, but that it was ultimately Mr. Bowen's decision to plead guilty. When Dusenbury met with Mr. Bowen on July 11, 2014 to review the PSR, Mr. Bowen was unwilling to discuss sentencing matters. Dusenbury met with Mr. Bowen again on July 15, 2014, but was unable to make any headway regarding sentencing. Dusenbury informed the court that he did not believe there were any meritorious issues with regard to sentencing. (*Id.*, pp 6-9)

The court found there was no basis for overturning the guilty plea, because the court conducted an appropriate plea colloquy and Mr. Bowen entered the plea freely and voluntarily. (*Id.*, pp 8-10) Finding a substantial conflict between Dusenbury and Mr. Bowen, the court granted Dusenbury's motion to withdraw and ordered that new counsel be appointed solely for the purpose of sentencing. The court continued the sentencing hearing from August 13, 2014 to a later date. (*Id.*, p 11)

Attorney Todd Allen Smith was appointed to represent Mr. Bowen on August 12, 2014. (DE 19) On October 2, 2014, Mr. Bowen filed a *pro se* motion,

to withdraw his guilty plea.  (DE 22)  On October 26, 2014, Smith filed a motion to withdraw as counsel for Mr. Bowen.  (DE 23)  In his motion, Smith stated that Mr. Bowen wished to move forward in a way that Smith could not comply with and that Mr. Bowen refused to confer with Smith regarding the sentencing hearing scheduled for November 17, 2014.  (*Id.*)

On November 17, 2014, the district court held a status conference to address Smith's motion to withdraw as counsel.   (DE 38)  Smith told the court that Mr. Bowen wanted to pursue his motion to withdraw the guilty plea and that he refused to discuss sentencing issues with Smith.   The court responded that it was "concerned at this point whether there are any just reasons to support either his request to withdraw his plea in this case or your motion for withdrawal as attorney."  (*Id.*, p 4)  Although Smith indicated that he did not believe Mr. Bowen had grounds to withdraw his guilty plea, the court allowed him to examine Mr. Bowen "just for the purpose of allowing him to present something to the Court." (*Id.*, p 5)

Mr. Bowen testified that he was misled by Dusenbury into taking the plea deal, that he wanted to go to trial, and that Dusenbury had not reviewed all of the evidence with him.  (*Id.*, pp 6-13)  When asked about his responses to the court's plea colloquy, Mr. Bowen testified that he was just going along with the procedure, he was "lost" that day, and he was not thinking too much about the court's

questions. (*Id.*) Mr. Bowen testified that he wanted to withdraw his plea and go to trial because the government had no evidence against him.  Mr. Bowen insisted that Dusenbury told him he could take back the plea at any time if he wanted.  He further stated that Dusenbury coached him into taking the plea, and told him that they needed to have a secured plea in case anything went wrong before trial.  Mr. Bowen indicated that he only now understood that the court had found him guilty of counts two and four at the plea hearing. (*Id.*)

The court denied Mr. Bowen's motion to withdraw the guilty plea, stating:

> Well, I'll just state for the record, to the extent that -- if that was his purpose in terms of trying to present to the Court some just reason why he should be able to withdraw his plea, I've heard-- not heard anything today that would support that. You presented to him portions of the transcript from the colloquy. He acknowledges that the Court advised him of his rights.  He acknowledged that the Court inquired if he were, in fact, guilty of the offense.  He said he was or he did make that statement and the Court adjudged him to be guilty.
>
> To the extent that he now would suggest to the Court, which he did not suggest at the time Mr. Dusenbury was his attorney, that Mr. Dusenbury coached him into lying to this Court, the Court finds that not to be credible.

(*Id.*, pp 13-14)

The court also denied Smith's motion to withdraw as counsel, giving Mr. Bowen the choice of proceeding with Smith or without counsel.  After conferring with Mr. Bowen, Smith informed the court that Mr. Bowen wanted to keep Smith as counsel and continue the sentencing hearing. (*Id.*, pp 15-16)

At the close of the hearing, the government argued that, with regard to the motion to withdraw guilty plea, Mr. Bowen had failed to satisfy the factors under *United States v. Moore.*   The court responded as follows:

> I understand that, but there's some concern as to whether or not the Fourth Circuit views that -- for the Court to find those *Martin* factors or whether or not it's just the interest of justice at this point should be found. Those are factors, as the case you suggest, that the Court of Appeals would may suggest that they would use to determine whether or not there's a just reason, but I certainly have taken all those into account.

(*Id.*, p 17)

The sentencing hearing was held on February 20, 2015.   (DE 39)   The defense raised no objections to the PSR.   (*Id.*, p 3)   For counts two and four, the court sentenced Mr. Bowen to 51 months in custody on each count, to run concurrently, and three years supervised release.   All fines were waived for inability to pay, but he was ordered to pay a $200 special assessment.   The court ordered Mr. Bowen to participate in a substance abuse treatment program.   (*Id.*, pp 5-6)

## <u>SUMMARY OF THE ARGUMENT</u>

The issue before this Court is whether the district court abused its discretion in denying Mr. Bowen's motion to withdraw his guilty plea.

Mr. Bowen's motion to withdraw was based on allegations that his first lawyer, John Dusenbury, advised him that he could withdraw his plea at anytime,

failed to review the discovery with him, and misled him into entering the plea agreement. None of these matters was apparent from the record. The district court conducted a thorough plea colloquy, at which Mr. Bowen indicated that he understood the consequences of the plea agreement, was entering the plea voluntarily, and was satisfied with Dusenbury's advice. The district court gave Mr. Bowen ample opportunity to state his reasons for withdrawing his guilty plea, but concluded that Mr. Bowen's testimony regarding Dusenbury was not credible. Mr. Bowen's second counsel, Todd Smith, informed the court that he did not believe Mr. Bowen had a basis for withdrawing his guilty plea. For these reasons, there is no meritorious argument on direct appeal that the district court abused its discretion in denying Mr. Bowen's motion to withdraw his guilty plea.

Undersigned counsel believes that because Mr. Bowen's claim of ineffective assistance of counsel was not apparent from the record, it would more appropriately be raised in a motion under 28 USC § 2255 rather than on direct appeal.

## **ARGUMENT**

## **DID THE DISTRICT COURT ABUSE ITS DISCRETION IN DENYING MR. BOWEN'S MOTION TO WITHDRAW HIS GUILTY PLEA?**

### ***Standard of Review***

A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir.

2000).

## *Discussion*

A defendant may withdraw his guilty plea prior to sentencing if he can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *United States v. Battle*, 499 F.3d 315, 319 (4th Cir. 2007). The most important consideration on a motion to withdraw a guilty plea is an evaluation of the Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003). An appropriately conducted Rule 11 proceeding raises a strong presumption that the plea is final and binding. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992). In addition to the plea colloquy, the court may consider the following factors when assessing whether to permit the withdrawal of a guilty plea: (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. *United States v. Moore,* 931 F.2d 245, 248 (1991).

To prevail on the fourth *Moore* factor, a defendant must demonstrate "(1) that his counsel's performance fell below an objective standard of reasonableness

and (2) that there was a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Bowman*, 348 F.3d at 416.    Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal.    *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008).    Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255, in order to permit sufficient development of the record.    *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Mr. Bowen did not take exception to any portion of the plea hearing, but instead based his motion to withdraw on assertions that Dusenbury advised him he could withdraw his guilty plea at any time, failed to review the discovery with him, and misled him into taking the plea deal.    (DE 16; DE 37, pp 4-5; DE 22; DE 38, pp 6-13)    Thus, the inquiry is whether the district court abused its discretion in finding that Mr. Bowen failed to demonstrate that Dusenbury's performance was objectively deficient and that, but for this deficient performance, Mr. Bowen would have insisted on going to trial.

In his motion to withdraw and at the August 11, 2014 status conference, Dusenbury denied telling Mr. Bowen that he could withdraw his guilty plea at any time.    Dusenbury stated that he told Mr. Bowen it would be very difficult to withdraw his guilty plea after it was accepted by the court.    Dusenbury further

stated that he reviewed the discovery with Mr. Bowen and counseled him regarding the merits of pleading guilty versus going to trial. (DE 18; DE 37, pp 6-9)

At the November 17, 2014 status conference, Mr. Bowen's second counsel, Todd Smith, informed the court that he did not believe there was a basis for Mr. Bowen's motion to withdraw his guilty plea. (DE 38, pp 3-5) Mr. Bowen admitted answering the court's questions during the plea colloquy, which included admitting his guilt to counts two and four, stating that he was entering into the plea voluntarily, and stating that he was satisfied with his attorney's advice. Mr. Bowen further admitted that he was not high or otherwise impaired at the plea colloquy. (*Id.*, pp 7-11) Mr. Bowen did not produce or point to any additional evidence, other than his own statements, supporting his claim that Dusenbury misled or coached him into accepting the plea agreement. (*Id*., pp 6-13)

The district court found that Mr. Bowen admitted the court advised him of his rights at the plea colloquy and that he admitted his guilt. Further, at the time of the plea colloquy, Mr. Bowen made no suggestion that Dusenbury had misled or coached him into taking the plea. For these reasons, the court found Mr. Bowen's claims regarding Dusenbury not credible. (*Id.*, pp 13-14)

Where the district court did not find Mr. Bowen's claims regarding counsel's misconduct to be credible, and Mr. Bowen could not point to any

evidence in the record to support his claims, the court did not abuse its discretion in concluding that Mr. Bowen failed to show a fair and just reason to withdraw his guilty plea.   This conclusion is supported by this Court's ruling in *United States v. Ubakanma*, finding no abuse of discretion in the district court's denial of defendant's motion to withdraw his guilty plea, which was based on claims that he pled guilty because of intimidation and poor advice from his attorney.  215 F.3d at 424.

In *Ubakanma,* the record reflected that the district court conducted a thorough and comprehensive Rule 11 hearing prior to accepting defendant's guilty plea.  Defendant acknowledged under oath that the factual stipulations underlying his plea were true, and stated that no one had coerced him into pleading guilty and that he was in fact guilty of the offense.   At the plea hearing, defendant was advised of the essential terms of the plea agreement, and he asserted under oath that he understood them.   *Id*.   Under these circumstances, the Court found Defendant's  "conclusory claims that he was 'misinformed' or 'intimidated' into pleading guilty" by counsel insufficient to overcome the district court's findings and Defendant's sworn statements that he was not coerced.  *Id*. at 425.

Counsel believes that because Mr. Bowen's claims of ineffective assistance of counsel are not apparent from the record, his claim in more appropriately brought in a motion under § 2255.

## <u>CONCLUSION</u>

For the reasons herein, counsel submits this brief pursuant to *Anders v. California.* Counsel has engaged in a conscientious and thorough review of the entire case, supplemented with research and consideration of issues raised by Mr. Bowen. This Court must conduct an independent review *de novo* in accordance with *Anders* to determine if a meritorious issue exists warranting further briefing by counsel. Counsel has forwarded a copy of the brief to Mr. Bowen, along with a letter explaining that he may file additional arguments with this Court within thirty (30) days, should he elect to do so.

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Based upon the analysis contained herein, counsel does not request the opportunity to appear for oral argument.


Respectfully Submitted,

/s/ Sharon L. Smith
Sharon L. Smith
Attorney for Appellant
NC Bar No. 21367
PO Box 99815
Raleigh, NC 27624
(919)828-3966
slsmith@ulslaw.com

17

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

Statement of Compliance with Type-Volume Limitation, Typeface
and Type Style Requirements:

1.    This brief complies with the type-volume limitation of Fed. R. App.
32(a)(7)(B) because the word count of this brief is 4,383.

2.    This brief complies with the typeface requirements of Fed. R. App. P.
32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6)
because this brief has been prepared in a proportionally spaced
typeface using MicroSoft Word, Times New Roman, 14 point.

June 18, 2015

<u>s/ Sharon L. Smith</u>
Sharon L. Smith

## <u>CERTIFICATE OF SERVICE</u>

In accordance with Rule 25 of the Rules of the United States Court of Appeals for the Fourth Circuit, I hereby certify that I have this day, June 18, 2015, filed the required copies of the foregoing Opening Brief of Appellant in the Office of the Clerk of the Court, via hand delivery, and have electronically filed the Opening Brief of Appellant via the Court's CM/ECF system, which will send notification of such filing to the following counsel:

Sandra J. Hairston
Assistant U. S. Attorney
U.S. Attorney's Office
101 S. Edgeworth Street
4th Floor
Greensboro, NC 27401
336-333-5351
Email: Sandra.hairston@usdoj.gov

and served via US Postal Service:

Tony Curtis Bowen
USM: 30018-057
FCI Butner Medium I
P.O. Box 1000
Butner, NC 27509


/s/ Sharon L. Smith
Sharon L. Smith